# SUPREME COURT OF LOUISIANA,

###### IN THE

## WESTERN DISTRICT, AT OPELOUSAS,
## COMMENCING, SEPTEMBER, 1842.

###### PRESENT:

Hon. FRANÇOIS XAVIER MARTIN.
Hon. ALONZO MORPHY.
Hon. EDWARD SIMON.
Hon. RICE GARLAND.

HENRY R. LEE and others *v.* SAMUEL KEMPER and others.

Where an appellee resides in the State, service of citation of appeal must be on the party himself, and not on his counsel.

Under the act of 20th March, 1839, time will be allowed to correct any errors or omissions in the record, or in the service of citation of appeal, where such errors or omissions did not result from the fault or neglect of the applicant.

APPEAL by Kemper, from a judgment of the District Court of St. Mary, *King*, J.

*Maskell*, for the plaintiffs.

*Splane*, for the appellant.

SIMON, J. This appeal was brought up and filed on the 11th of September, 1841. A few days afterwards, the appellees' counsel filed a written motion for a dismissal thereof, on the ground that no citation of appeal had been served upon his clients;

VOL. III.                              1

and, in the meantime, procured a writ of *certiorari* to be issued for the production of certain documents necessary to complete the record. This last proceeding had the effect of continuing the case until the present term; and, during the interval, no step whatever was taken by the appellant to cure the defect complained of by the appellees, by causing the citation of appeal to be served upon them, instead of their counsel, on whom the said citation had been originally served.

The plaintiffs' commercial house is stated, in the petition, to be in New Orleans, where two of the partners reside; and it is clear that the citation of appeal should have been served on them, and not on their counsel. Code of Practice, arts. 198, 582. 10 La. 580.

Since the enactment of the law of 1839, we have generally allowed time to parties to correct any defect or omission existing in the records brought before us, or in the service of the citations of appeal, whenever such defects or omissions were not the consequence of their own fault or negligence. But, in this case, the appellant had more than a year to procure a new service of the citation of appeal; he had notice of the written motion of the appellees; and it was his duty to take advantage of the delay occasioned by the issuing of the writ of *certorari*, which had caused the case to be continued. Having not done so, he was clearly guilty of neglect; and he cannot complain, if, on the renewed motion of the appellees' counsel, we dismiss his appeal. We think he cannot be entitled to any further indulgence.

*Appeal dismissed.*